In the Matter of the Claim for Benefits under Article 18 of the Labor Law Made by MIKE CASSARETAKIS, Claimant. STANDARD DREDGING CORPORATION, Appellant; FRIEDA S. MILLER, as Industrial Commissioner, Respondent.— Appeal by the employer from a decision of the Unemployment Insurance Appeal Board, which held that the New York Unemployment Insurance Law covered the services of the claimant as a cook and cook's helper aboard appellant's dredge. Claimant was employed by appellant first as a cook's helper and later as a cook aboard a hydraulic suction dredge documented as a vessel of the United States. His duties consisted of preparing meals, waiting on tables and cleaning up the kitchen and dining room. He ate his meals on board the dredge and customarily slept there. The dredge on which he was employed was operating on navigable waters of the State. Clearly, claimant, a cook, was a member of the crew of a documented vessel operating on navigable waters. The dredge was licensed and enrolled as a vessel of the United States. Accordingly, claimant is not subject to the jurisdiction of the Unemployment Insurance Law but is subject solely in respect of the matter in controversy here to the admiralty and maritime jurisdiction of the United States. (U. S. Const. art. 3, § 2.) The grant of admiralty jurisdiction to the Federal government was intended to commit direct control and to relieve maritime commerce of unnecessary burdens by reason of discordant legislation of the several States. ( *Knickerbocker Ice Co.* v. *Stewart*, 253 U. S. 149.) The Social Security Act specifically excepts from the term employment "services performed as an officer or member of the crew of a vessel on the navigable waters of the United States." (U. S. Code, tit. 26, § 1607, subd. [c], ¶ [4]. See, also, *Matter of Bergen*, 262 App. Div. 654.) Decision of the Unemployment Insurance

Appeal Board should be reversed. Decision of the Unemployment Insurance Appeal Board reversed, with costs to appellant. Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ., concur.